CHASEZ, Judge.
This is an appeal taken by Summit Builders, Inc. and Ray Grein original defendants, plaintiffs in reconvention, from a judgment in favor of the plaintiff, Andrew Wilson. Mr. Wilson had originally brought the suit to recover the contract price for certain labor and materials used in the interior finishing of four residences located at 633, 637, 649, and 653 Diplomat Street in Gretna, Louisiana. C. Ray Grein and Summit Building, Inc., as they are properly named, reconvened against the original plaintiff alleging that faulty materials and improper workmanship caused the defendant to have to repaint two bathrooms and a kitchen in each of ten houses located on Diplomat Street. The matter came to trial before Judge Edward S. Stoulig, Jefferson Parish, who granted a judgment in favor of the original plaintiff for the full amount of $2,174.96 and legal interest from the date of judicial demand until paid.
The facts of the case are as follows: Andrew Wilson is the sub-contractor who supplied certain labor and materials for the interior finishing of several residences owned by Summit Building, Inc. located on *577 property owned by C. Ray Grein. The work performed by Mr. Wilson under an admitted agreement between the parties consisted of installing, taping, texturing, and painting sheet-rock walls and ceilings of some ten residences located in Terry-town Subdivision in Gretna, La. The oral agreement under which the work was performed referred to no written specifications, but the parties agreed that the type of paint that would be used would satisfy F.H.A. specifications. It is this aspect of the contract that is disputed in the recon-ventional demand.
There is no question that the work performed by the plaintiff was completed in accordance with the agreement, and it was apparently inspected and given a final approval by the F.H.A. The present controversy began some months later when the new homeowners lodged complaints with the F.H.A. concerning the alleged deficiency of the painting work. These complaints primarily involved the allegation that the paint was not washable as specified for bathrooms and kitchens and that it could be removed simply by wiping a wet or damp cloth across the surface. This deficiency forms the basis of defendant’s reconven-tional demand which the trial judge found in his very able analysis consisted of two separate claims: 1) poor workmanship and, 2) defective material.
In his very cogent and well-reasoned judgment, Judge Stoulig found neither complaint was substantiated by the facts of this case and therefore does not constitute valid grounds for the reconventional demand. Judge Stoulig analyzed the pleadings and evidence as follows:
“As regards the first defense of poor workmanship, the Defendants presented no positive evidence to support this contention. By this, the Court means that there was no specific factual testimony stating that the Plaintiff, in applying the paint, had failed to perform certain acts that were normally required in the trade. Nor was there any evidence presented to show that the Plaintiff, in processing the paint for its application, either did or failed to do something that is customarily done or omitted in the trade.
“There is no basis for the Court concluding that the Plaintiff failed to fulfill his contract in accordance with the standards and in the accepted manner normally consistent with the performance of similar work in his occupation. It, therefore, follows that the cause of the complaints cannot be attributed to the work performed by the Plaintiff. The Court believes that the Plaintiff did, in this instance, fulfill his contract in accordance with the normal standards of his trade and occupation. Such a conclusion is warranted from the fact that the complaints arose, in some instances, months after the Plaintiff had completed his contract, which would indicate to the Court that they are directed against the wearability of the paint and not its application by the Plaintiff.
“As regards the second contention of defective material, which would be, in this case, defective paint, the Court likewise feels that this has not been sustained by a preponderance of evidence, as required by law. And, even were the Court to conclude that the paint was deficient in its quality, it could not, under the facts and circumstances of this case, hold the Plaintiff responsible, for the simple reason that the testimony adduced on this trial leads to the conclusion that the type of paint — not necessarily the trade name, but the type of paint — was mutually agreed upon by both of the parties.”
Since the only question before this court on appeal is one of fact, our complete review of the trial court’s findings consists particularly of a search for manifest error or some conclusion completely unsupported by the evidence. Without discussing in detail the testimony or the witnesses presented at the trial, we find the conclusion reached by the trial court on the merits of the controversy to be supported by a pre *578 ponderance of evidence and, therefore, correct.
There is one other matter involved in this suit on which the trial court has not specifically passed. The reconventional demand sought by the defendants, C. Ray Grein and Summit Building, Inc., was originally urged in the trial court and has been preserved for our determination on appeal. From our rather intensive review of the record we find the defendants’ demand in reconvention unsupported by the evidence, and in accordance with the foregoing reasons for judgment we hereby dismiss the petition of the reconvenors, C. Ray Grein and Summit Building, Inc.
The judgment in favor of plaintiff, Andrew Wilson, and against the defendants, Summit Building, Inc. and C. Ray Grein in the full and true sum of $2174.96 together with legal interest from the date of judicial demand until paid is hereby affirmed. All costs of the appeal to be borne by appellants.
Affirmed.